20220—Patton Motor Trucking Co. v. Samuel H. Knapp. Motion for Ashland Appeals to certify. Overruled. Dock. 12-20-26, 4 Abs. 867.

20221—J. W. Brady v. N. Russell et al. Motion for Summit Appeals to certify. Overruled. Dock. 12-20-26, 4 Abs. 867.

20222—Louis A. Breisach v. Leah Breisach. Motion for Lucas Appeals to certify. Overruled. Dock. 12-21-26, 4 Abs. 867.

20222—Louis Breisach v. Leah Breisach. Motion to dismiss petition in error filed as of right. Sustained. Dock. 12-21-26, 4 Abs. 867.

20223—The Grant Holub Co. v. H. Goodman et al. Motion for Stark Appeals to certify. Overruled. Dock. 12-21-26, 4 Abs. 867.

20225—A. G. Boesel v. City of Cleveland. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-21-26, 4 Abs. 867.

20228—The Sumner Co. v. Herbert Fisher. Motion for Summit Appeals to certify. Dismissed on application of plaintiff in error. Dock. 12-22-26, 5 Abs. 26.

## SYLLABI
## No. 34

No. 19951—Joseph Schickling v. The Post Publishing Company. Error to the Court of Appeals of Hamilton County.

225. CHARGE TO JURY—1. Where the facts in issue are admitted or undisputed, court should charge the jury as to application of the law to the facts thus established.

2. Where the question is which one of two relations arises, by reason of such facts, court should say to jury which of one exists, and it is error for the court to submit it to determination of the jury.

KINKADE, J.

When the facts attending any issue in an action are admitted or the evidence in respect thereto is not in conflict, it is the duty of the trial court to charge the jury the result that must follow an application of the law to the facts so established; and where the question is whether the relation of master and servant or that of independent contractor arises by reason of such facts, the trial court should say to the jury which relation exists, and it is prejudicial error to submit the determination of that question to the jury.

Judgment affirmed.

Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.

# Weekly Abstract of PENDING CASES

## No. 35

### TOL. & IND. RD. CO. v. P. U. C.

Nos. 20129 & 20130. Supreme Court Error to Commission Dock. Oct. 18, 1926, 4 Abs. 727.

973. PUBLIC UTILITIES COMMISSION— Does Commission have jurisdiction under 594 GC., et seq., to reapportion the cost of maintenance and operation of an interlocking system used by three railroad companies; and to substitute therefor a manual flagging system, the cost of which is less?

The Toledo and Indiana Railroad Co., an electric interurban railroad, filed an application with the Public Utilities Commission against the New York Central Railroad Co. and the Wabash Railway Co. praying for an order authorizing plaintiff to abandon an interlocking plant jointly maintained by plaintiff and the other two companies, and permitting plaintiff in error to "flag" its cars across the tracks of the Wabash Co. The plaintiff further prayed that if it should be found ad far as it controlled the movement and operavisable to abandon the interlocking plant so tion of cars of plaintiff over the tracks of the Wabash Co., that the commission ascertain and apportion the amount of the cost of maintaining said plant which plaintiff in error should pay.

It was claimed that the abandonment of the interlocking plant and the institution of such "flagging" system in lieu thereof would effect a great saving to plaintiff in error. The commission denied the application of the plaintiff in error, and the error was prosecuted to the ruling of the Commission.

It is claimed that the saving to be effected by the abandonment by plaintiff in error, of the interlocking system and the institution of the flagging system would be $30.00 per month. The companion case (20130) in which the interlocking system is maintained jointly with the N. Y. C. Rd. Co. and the Detroit, Toledo and Ironton Railroad Co., the savings to be effected by the plant's abandonment and the substitution of the flagging system therefor, is $125.00 per month.

It is contended that the Commission erred in denying the alternative prayer of plaintiff in error's application, namely, to reapportion the cost of the operation among the three companies involved; and that the Commission erred in holding that it had no jurisdiction to make the reapportionment prayed for.

It is further contended that the contract between the parties is of no effect for the reason that said contract was superseded by the enactment of 594 GC., et seq., and that said contract was terminable at the will of either parties, it being silent as to its duration.

In the case, number 20130, the Commission denied the application of plaintiff in error and the specifications of error relied upon are that the decision and order of the Commission is contrary to and against the weight of the evidence; and that the Commission erred in holding that it had no authority or jurisdiction to modify or change the proportionate amount of the costs, shared by the respective parties to the interlocking plant, of maintaining said plant.

It is claimed that 598 GC., which the Commission held precluded it from making the reapportionment, does not apply to the crossing of an interurban railroad over a steam railroad, it being urged that such railroads are governed by laws relating to street railroads.

Attorneys—Smith, Baker, Effler and Eastman, Toledo, for Company; C. C. Crabbe and J. W. Bricker, Columbus, for Commission.